# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| **GABRIEL GOMEZ and ADAM HEDBERG,**  Plaintiffs,  v.  **GARDA CL GREAT LAKES, INC., VILLAGE OF BROADVIEW, DETECTIVE DAVID YURKOVICH, and CURTIS MEIGHAN,**  Defendants. | Case No. 13 C 1002  Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Garda CL Great Lakes, Inc., Curtis Meighan, Village of Broadview, and Detective David Yurkovich's Motions to Dismiss Plaintiffs' Amended Complaint. For the reasons stated herein, the Motions are granted in part and denied in part.

### I. BACKGROUND

Plaintiffs Gabriel Gomez ("Gomez") and Adam Hedberg ("Hedberg") were employees at Garda CL Great Lakes, Inc. ("Garda"). Garda is a private security company that provides armored transportation for money securities.

While employed at Garda, Plaintiffs worked as armored vehicle operators. As part of their duties, they handled and transported "e-cash" bags. E-cash bags are sealed bags that contain a fixed

amount of cash and are used to refill automated teller machines ("ATM's").

Allegedly, in December 2011, Plaintiffs suspected one of their "e-cash" bags did not contain the proper amount of money. Because of this, they notified their supervisor immediately and continued to complete their route per their supervisor's instructions. Shortly thereafter, Garda began an internal investigation regarding the missing funds.

During this investigation, Plaintiffs answered all of Garda's questions and passed a polygraph examination. Despite this, on or about February 24, 2012, Broadview Police Detective David Yurkovich ("Detective Yurkovich") contacted Plaintiff Gomez to ask him additional questions about the e-cash bag and the missing money. After consulting with legal counsel, Gomez chose to exercise his Fifth Amendment right and refused to answer any additional questions. After he refused to cooperate, Plaintiffs allege that Detective Yurkovich told Gomez "that the Broadview Police investigation was also the Garda investigation, and if Plaintiff Gomez refused to make a statement . . . then [his] employment would be terminated." Am. Compl. ¶ 14.

Subsequently, on February 29, 2012, Defendant Curtis Meighan ("Meighan"), a Garda branch manager, informed Gomez that "he had learned of [his] refusal to cooperate with the Broadview Police and

that [he] was indefinitely suspended." Am. Compl. ¶ 15. Garda discharged Gomez the same day.

The allegations surrounding Plaintiff Hedberg are similar. Detective Yurkovich questioned him on or about March 3, 2012 and informed him "that [Gomez] was going to lose his job for not cooperating with the Broadview Police and that what happened to [Gomez] would happen to [Hedberg], if [he] refused to cooperate." Am. Compl. ¶ 17. Despite the warning, Hedberg also exercised his Fifth Amendment right and refused to cooperate with the Broadview Police. On the same day, Garda suspended Hedberg indefinitely and later discharged him.

On April 16, 2013, Plaintiffs filed suit in this Court. In their Amended Complaint, they assert both federal and state law claims against Defendants Garda and Meighan (the "Garda Defendants") and Defendants Village of Broadview and Detective Yurkovich (the "Broadview Defendants"). Specifically, Count I alleges Meighan and Yurkovich deprived Plaintiffs of their due process rights and are liable under 42 U.S.C. § 1983. Count II alleges a second claim against Meighan and Yurkovich under 42 U.S.C. § 1983 for conspiracy. Count III is a state law indemnification against the Village of Broadview. Count IV is a state law defamation claim against the Garda Defendants. Count V is a state law retaliatory discharge claim against the Garda

Defendants. Both sets of Defendants have moved to dismiss the entirety of Plaintiffs' Complaint.

## II. **LEGAL STANDARD**

When reviewing a motion to dismiss under Rule 12(b)(6), the Court takes all well pleaded allegations of the complaint as true and views them in the light most favorable to the plaintiff. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012). To comply with the notice-pleading standard of Federal Rule of Civil Procedure 8, a complaint must include "a short and plain statement of the claim that the pleader is entitled to relief, and must provide the defendant with fair notice of the claim and its basis." *Id.* To survive dismissal, a claim must have facial plausibility. *Appert*, 673 F.3d at 622. A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The plausibility of a claim is context-specific, and therefore the reviewing court must "draw on its judicial experience and common sense." *Id.* at 664.

## III. **ANALYSIS**

### A. **Count I - 42 U.S.C. 1983-Due Process**

Count I alleges Defendants Meighan and Yurkovich violated Plaintiffs' due process rights under 42 U.S.C. 1983. Plaintiffs fail to specify whether the claim is based upon a deprivation of a

property or liberty interest. Defendants claim that under either interest, Count I should be dismissed. Yurkovich adds that qualified immunity shields him from liability.

Claims for violations of procedural due process require a plaintiff to allege "(1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding the deprivation." *Michalowicz v. Village of Bedford Park,* 528 F.3d 530, 534 (7th Cir. 2008). "As a necessary component of a procedural due process claim, [Plaintiffs] must identify a protected property or liberty interests." *Santana v. Cook County Board of Review*, 679 F.3d 614, 621 (7th Cir. 2012). Because Plaintiffs fail to specify what right they have been deprived, the Court will analyze whether Count I survives under either the deprivation of a property interest or a liberty interest.

### 1. *Property Interest*

To establish a property interest under the Fourteenth Amendment, a plaintiff must have "more than a unilateral expectation of [the claimed interest]." *Id.* at 621. Instead, a plaintiff must establish "a legitimate claim of entitlement to it." *Id.* An entitlement exists when "statutes[,] regulations [or a contract] . . . establish a framework of factual conditions delimiting entitlements which are capable of being explored at a due process hearing." *Id.* (citing *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010)).

Plaintiffs' allegations here fall short of establishing an entitlement to continued employment. They do not claim a federal statute, collective bargaining agreement, or other contract with Garda grants them a right to continued employment. In fact, the Complaint never even alleges explicitly that Plaintiffs were entitled to continued employment. Instead, Plaintiffs acknowledge that Garda is a private employer. Am. Comp. ¶ 7. In Illinois, there is a presumption that employment is at-will. *Rujawitz v. Martin,* 561 F.3d 685, 688 (7th Cir. 2009). Plaintiffs have not overcome this presumption. Accordingly, Plaintiffs fails to allege a protected property interest in Count I.

### *2. Liberty Interest*

While Plaintiffs' allegations in Count I are scant, they seem to allege Defendants Meighan and Yurkovich violated their due process rights because Defendants have prevented Plaintiffs from pursuing future employment in their chosen field of work. The Court presumes the crux of this claim relates to Plaintiffs' allegations regarding the comments Meighan made about Plaintiffs being "thieves" and the statements of theft in the Plaintiffs' employment files. These allegations seem to suggest that Defendants are liable because they have deprived Plaintiffs their occupational liberty interests.

"The concept of liberty protected by the Due Process Clause includes one's occupational liberty, or the liberty to follow a

trade, profession, or other calling." *Bryant v. Gardner*, 545 F.Supp.2d 791, 798 (N.D. Ill. 2008) (citations omitted). Plaintiffs who claim they have been deprived of their occupational liberty interests must allege that "(1) the employer made stigmatizing comments; (2) the comments were publicly disclosed; [and] (3) the plaintiff suffered a tangible loss of other employment as a result." *Id.* (citing *Townsend v. Vallas*, 256 F.3d 661, 670 (7th Cir. 2001)). In these types of cases, "the employee's good name, reputation, honor, or integrity must be called into question in a manner that makes it virtually impossible for the employee to find new employment in his chosen field." *RJB Properties Inc. v. Bd. of Educ. of the City of Chi.,* 468 F.3d 1005, 1011 (7th Cir. 2006).

Plaintiffs' Complaint seems to satisfy all three elements. Plaintiffs allege Defendant Meighan told other Garda employees that they were thieves and also claim their employment files include accusations of theft. Am. Compl. ¶ 23. Such statements, made to third parties, calls Plaintiffs' reputation and integrity into question and are damaging to Plaintiffs' "standing and association[] in the community." *Ulichny v. Merton Comm. Sch. Dist.*, 249 F.3d 686, 705 (7th Cir. 2001). Plaintiffs add that Defendants' conduct "effectively bars Plaintiffs from the pursuit of employment in their chosen line of security work." Am. Compl. ¶ 29. While this allegation is not necessarily indicative of a

"tangible loss" of other employment, at this stage in the litigation, the Court finds it sufficient. *RJB Properties Inc.*, 468 F.3d at 1011.

Despite alleging the necessary elements for the deprivation of an occupational liberty interest, Count I still fails. With respect to Defendant Meighan, Plaintiffs fail to provide sufficient detail to establish that Meighan's conduct should be attributable to the State even though he is a private citizen. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815-16 (7th Cir. 2009).

Ordinarily, a private individual is not liable under Section 1983. *Brokaw v. Mercy Cnty.*, 235 F.3d 1000, 1016 (7th Cir. 2000). However, there are circumstances where a private actor's conduct becomes attributable to the state. *Hallinan*, 570 F.3d at 815-16.

> Private action can become state action when private actors conspire or are jointly engaged with state actors to deprive a person of constitutional rights, where the state compels the discriminatory action, when the state controls a nominally private entity, when it is entwined with its management or control, when the state delegates a public function to a private entity, or when there is such a close nexus between the state and the challenged action that seemingly private behavior reasonably may be treated as that of the state itself.

*Id.* (citations omitted).

In their Amended Complaint, Plaintiffs claim Meighan acted under the color of state law because Meighan and Yurkovich "act[ed] jointly" to deprive Plaintiffs of their constitutional rights.

Amend. Compl. ¶ 30. Meighan argues Count I should be dismissed because the allegations concerning his conduct being attributable to the State are conclusory. The Court agrees.

The only allegation Plaintiffs provide to support the fact that Meighan and Yurkovich acted jointly is that the two Defendants, "entered into an agreement amongst themselves to retaliate against Plaintiffs for the lawful assertions of the Fifth Amendment privilege against compelled self-incrimination and took steps in furtherance of this conspiracy, most notably the discharge of the Plaintiffs and communications related to the same." Amend. Compl. ¶ 21. Without more, the Court does not find this sufficient to satisfy the notice pleading standards of Federal Rule of Civil Procedure 8.

As added support, the Court finds Meighan's reliance on *Fraser v. Schultze,* 663 F.Supp. 512 (N.D. Ill. 1987) persuasive. There, the court dismissed a plaintiff's § 1983 claim against private individuals, finding the plaintiff's allegations that the individual defendants "agreed and conspired with each other to commit the acts alleged herein" insufficient to establish conduct attributable to the State. *Id.* at 515. Plaintiffs' allegations here are comparable. The Complaint fails to allege that Meighan acted "willfully in joint activity" with Yurkovich and fails to allege that Yurkovich abused his authority as a state actor. As such, Count I fails against Defendant Meighan. *See, Fraser*, 663

F.Supp. at 516 (stating that a private party acts "under color of state law" within the meaning of Section 1983 when the private party acts jointly with a state official who abuses his or her authority). Accordingly, Count I against Defendant Meighan is dismissed.

Count I also fails against Defendant Yurkovich. While it is undeniable that as a Detective for the Broadview Police Yurkovich is a state actor, the Court cannot see how Yurkovich could be implicated in Plaintiffs' claimed occupational liberty deprivation. The Complaint fails to allege that Yurkovich made defamatory comments about Plaintiffs to third parties and fails to allege that Yurkovich caused the theft allegations to be included in Plaintiffs' employment files. As such, Count I against Defendant Yurkovich fails.

The Court acknowledges Plaintiffs' attempt to change Count I to a retaliation claim under 42 U.S.C. 1983 in their response brief. *See* Pls'. Resp. to Defs'. Mot. Dis. at 4, ECF No. 28. However, it is well established that a party's complaint "may not be amended by briefs in opposition to a motion to dismiss . . . [.]" *Thomas v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989). There is no question that as it stands now, Count I asserts a due process claim. For the reasons mentioned above, this claim fails against both Defendant Meighan and Defendant Yurkovich. Accordingly, the Court dismisses Count I.

### B. Count II - 42 U.S.C. § 1983-Conspiracy

Count II alleges Defendants Meighan and Yurkovich are liable under Section 1983 for conspiracy. The Complaint states that Meighan and Yurkovich "reached an agreement amongst themselves to unlawfully deter and coerce Plaintiffs into forfeiting their rights under the Fifth Amendment . . . ." Am. Comp. ¶ 32. Defendants argue Plaintiffs' conclusory allegations require dismissal. The Court again agrees.

"To establish § 1983 liability through a conspiracy, a plaintiff must [establish that] (1) a state official and private individual(s) reached an understanding to deprive plaintiff of his constitutional rights; and (2) those individual(s) were willful participants in joint activity with the State or its agents." *Logan v. Wilkins,* 644 F.3d 577, 583 (7th Cir. 2011). Additionally, a plaintiff must allege, "(1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer v. Balkema,* 840 F.2d 437, 442 (7th Cir. 1988). In Illinois, the agreement must be "to accomplish either an unlawful purpose or a lawful purpose by unlawful means." *Mosley v. City of Chicago,* 614 F.3d 391, 399 (7th Cir. 2010).

Plaintiffs' only allegations relating to the conspiracy are that "Defendants [Meighan and Yurkovich] reached an agreement

amongst themselves to unlawfully deprive Plaintiffs of their rights to due process of law . . . [and] committed overt acts and [were] [] otherwise willful participant[s] in joint activity." Am. Compl. ¶¶ 33, 35. Plaintiffs fail to provide any factual information concerning the circumstances of the conspiracy or the alleged overt acts committed to further the conspiracy. The Court finds these allegations conclusory and insufficient to set forth a plausible conspiracy claim under § 1983. *See, Roehl v. Merrilees*, No. 11 C 4886, 2012 WL 1192093 at *7-8 (N.D. Ill. Apr. 10, 2012) (noting that conspiracy claims have been held to a higher pleading standard in the Seventh Circuit).

The specific allegations in *Roehl v. Merrilees* provide additional support. *Id.* There, the Court dismissed a plaintiff's § 1983 conspiracy claim because the plaintiff failed to provide the "facts or circumstances upon which either an express or implied agreement between Defendants could be inferred . . . [.]" *Id.* at *8 (citing *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 554, 555 (2007)). In *Roehl*, the plaintiff alleged only that the "[d]efendants conspired to arrest and detain [her] and deprive her of her civil rights." *Id.*

The allegations here are similarly deficient. Plaintiffs do not offer any factual allegations that suggest Meighan and Yurkovich were associated with each other and fail to allege that the two even communicated. While in their response brief,

Plaintiffs claim that the "timing" of their terminations should allow the Court to infer that Meighan was working together with Yurkovich, the Court has already noted that Plaintiffs cannot amend their complaint through their response brief. *Thomas v. Nachtrieb*, 888 F.2d at 1205. As such, the Court dismisses Count II.

### C. Count III - Indemnification

Count III alleges that the Village of Broadview is liable under 745 ILCS 10/9-102 for indemnification as Defendant Yurkovich's employer. However, because the Court dismissed Plaintiffs' claims against Defendant Yurkovich in Counts I and II, Count III is also dismissed. *See, Lewis v. Weis*, No. 09-C-2219, 2012 WL 45242, at *2 (N.D. Ill. 2012) (dismissing a plaintiff's indemnification count without prejudice because indemnity under 745 ILCS 10/9-102 "is dependent on the employee being found liable for damages . . . which cannot happen with the [employee Officer] is dismissed from this case").

### D. Count IV - Defamation

In Count IV, Plaintiffs attempt to set forth a state law defamation claim against the Garda Defendants. They contend Meighan is liable because he "used words that imputed the commission of a criminal offense . . . and words that prejudice[d] the plaintiffs and imputed a lack of ability [with respect to] the plaintiff's [sic] profession, constituting defamation per se." Am.

Compl. ¶ 42. Plaintiffs claim Garda is liable under the doctrine of respondeat superior. *Id.* ¶ 46.

The Garda Defendants argue Count IV should be dismissed because Plaintiffs fail to provide sufficient factual allegations. Alternatively, they contend that Count IV fails because the alleged defamatory statements are protected by the qualified privilege granted to "statements made within a legitimate business context." *See, Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 381 F.3d 717, 727 (7th Cir. 2004).

In Illinois, a valid claim for defamation consists of allegations that: "(1) the defendant made a false claim concerning the plaintiff; (2) the defendant published the defamatory statement to a third party; and (3) the plaintiff was damaged." *Cartwright v. Cooney*, 788 F.Supp.2d 744, 753 (N.D. Ill. 2011). Illinois classifies defamatory statements into two groups - *per quod* and *per se*. *Bryson v. New Am. Publ'ns,* 672 N.E.2d 1207, 1214, 1221 (Ill. 1996). Statements that are defamatory *per quod* consist of remarks that require extrinsic facts to illustrate their defamatory meaning. Statements that are defamatory *per se* are so harmful to the plaintiff's reputation that damages are presumed. *Baier v. Rohr-Mont Motors, Inc.*, No. 12 C 8234, 2013 WL 2384269 at *7 (N.D. Ill. May 29, 2013).

Illinois limits statements that are *per se* defamatory to five categories. *Muzikowski v. Paramount Pictures Corp.*, 477 F.3d 899,

904 (7th Cir. 2007). The categories relevant in this case are statements which impute (1) "the commission of a criminal offense"; (2) "an inability to perform or want of integrity in performing employment duties"; and (3) "words that prejudice a party in her trade, profession, or business." *Id.* In their Complaint, Plaintiffs claim Meighan told other Garda employees they were "thieves." Am. Compl. ¶ 23. Plaintiffs state Meighan published these allegations in their employment files. After reviewing the entirety of the Complaint, the Court finds the allegations sufficient. While Plaintiffs do not state expressly that Meighan's statements are false, they aver that they "did not steal any money from their employers and were not involved in any alleged thefts." Am. Compl. ¶ 11. This is enough for the Court to infer that the statements were false. Moreover, the Court has little trouble finding Plaintiffs' allegations of theft impute the commission of a criminal offense, a lack of integrity, and may prejudice them in their profession. Finally, because alleged communication was made within a corporate environment and in Illinois this "may constitute publication for defamation purposes[.]" *Cartwright,* 788 F.Supp.2d at 753.

Plaintiffs' allegations that Meighan made the defamatory statements with malice causes the Court to reject Defendants' argument surrounding qualified privilege. *See,* Am. Compl. ¶ 44. While it may be that Meighan's statements were privileged because

they were "made within a legitimate business context[,]" the Complaint alleges the requisite intent requirement to plead an abuse of privilege. *Republic Tobacco Co.*, 381 F.3d at 727; *see also, Morton Grove Pharmaceuticals, Inc. v. Nat'l Pediculosis Ass'n, Inc.*, 494 F.Supp.2d 934, 943 (N.D. Ill. 2007). As added support, it is well established that a "complaint need not anticipate or plead around affirmative defenses." Therefore, at this stage in the litigation, Count IV survives.

For the sake of completeness, the Court notes that Plaintiffs have alleged a valid claim against Garda under the doctrine of *respondeat superior*. For an employer to be liable for the intentional tort of an employee, a plaintiff must allege that the employee was acting within the scope of his employment. *Zuidema v. Raymond Christopher, Inc.,* 866 F.Supp.2d 933, 937 (N.D. Ill. 2011). An employee's conduct is considered within the scope of his employment when such conduct is: "(1) of the kind the employee is employed to perform; (2) occurs substantially within the authorized time and space limits; and (3) is actuated, at least in part, by a purpose to serve the master." *Id.* (quoting *Bagent v. Blessing Care Corp.,* 862 N.E.2d 985, 991 (Ill. 2007)). While in Count IV Plaintiffs only allege that Defendant Garda "is sued in this count under the doctrine of respondeat superior[]" after reviewing the Complaint in its entirety the Court finds Plaintiffs' allegations

that Meighan "engaged in the conduct complained of in the course and scope of his employment" sufficient. Am. Compl. ¶¶ 6, 46.

### E. Count V – Retaliatory Discharge

Count V asserts a state law retaliatory discharge claim against the Garda Defendants. The basis for this claim lies in Plaintiffs' assertions that they were terminated in retaliation for exercising their Fifth Amendment rights. Defendants argue Count V should be dismissed because Plaintiffs fail to allege that their termination violates a public policy. The Court agrees.

In general, Illinois law considers employment to be at-will, meaning that "an employer may terminate an employee . . . for any reason or for no reason." *Shaffer v. Nat'l R.R. Passenger Corp.*, No. 11 C 970, 2011 WL 4916493, at *1 (N.D. Ill. Oct. 14, 2011). The tort of retaliatory discharge is an exception to this general rule. *Id.* To state a claim for retaliatory discharge, a plaintiff must allege that: "(1) an employee has been discharged; (2) in retaliation for the employee's activities; and (3) that the discharge violated a clear mandate of public policy." *Bourbon v. Kmart Corp.*, 223 F.3d 469, 472 (7th Cir. 2007).

Count V fails to establish a violation of public policy and fails to establish that the public interest is at stake. In Illinois, courts use Illinois' constitution, its statutes, and its judicial decisions to establish public policy. *Callozo v. Office Depot, Inc.*, No. 97 C 5308, 1998 WL 111628, at *2 (N.D. Ill.

Mar. 6, 1998). However, simply citing a constitutional provision does not establish a valid retaliatory discharge claim. *Id.*

Plaintiffs fail to make such allegations here. While they claim they were discharged "in retaliation for the exercise of their right to remain silent," they fail to allege that this constitutes a "clearly mandated public policy" and fail to allege that the public interest is at stake. Because of this, the Court finds dismissal of Count V appropriate. *See, Callozzo*, 1998 WL 111628, at *2.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, the Defendants' Motion to Dismiss is granted in part and denied in part. The Court dismisses Counts I, II, III and V. Count IV remains. If Plaintiffs wish to file an Amended Complaint, they must do so within two weeks of the entry of this Order.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: August 23, 2013